**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LENNIE JERMAINE HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01212-RWS |
| | ) |
| COLE ROMANN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Lennie Jermaine Hicks, a pretrial detainee at the St. Charles County Department of Corrections, has filed a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983 and an Application to Proceed in District Court Without Prepaying Fees or Costs. The Court has reviewed the Application and the financial information provided in support, and will grant Plaintiff leave to proceed in forma pauperis and assess an initial partial filing fee of $28.96. The Court has also reviewed the complaint, and will dismiss it without further proceedings.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff filed two copies of his inmate account statement. The second covers the period from May 15, 2024 (the date his institution account was opened) through September 15, 2024. (ECF No. 5). According to the statement, Plaintiff's average monthly deposit was $140.55, and his average monthly balance was $144.81. Applying the terms of the statute, 20 percent of the greater of those figures is $28.96. Accordingly, the Court assesses an initial partial filing fee of $28.96, and will order Plaintiff to pay that sum to the Clerk of Court within thirty days of the date of this Memorandum and Order.

**Background**

Plaintiff prepared the complaint using a "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" complaint form. He identifies himself as "Lennie J. Hicks," and where the form complaint provides space for him to list "Other names you have used," he writes: "Bound Lenny Set." (ECF No. 1 at 2). He identifies the defendants as "Amazon STL8 LLC" (which appears to be an Amazon Fulfilment Center), and Romann Cole and Terry Wayne Weathers, employees of Amazon STL8 LLC. He states he sues Cole and Weathers in their individual and official capacities.

The following information is relevant to the allegations in the complaint, and is taken from public records available on Missouri Case.net.[1] In the matter *State v. Hicks,* No. 2411-CR00515-01 (11th Jud. Cir. 2024), Plaintiff is facing a charge of making a terrorist threat. According to the publicly available probable cause statement filed in that case, officers responded to Plaintiff's workplace on February 15, 2024 after he threatened to "shoot up" the

---

[1] This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

2

workplace during a telephone call. An officer noted that Plaintiff had made similar calls in the past. An officer called Plaintiff, and Plaintiff said he was upset because he had been placed on leave and not paid for time he worked. Plaintiff told the officer that if he was not paid by that afternoon, he would go to the workplace and kill the first white person he saw.

Plaintiff's allegations in the instant complaint are not always comprehensible. He alleges he was wrongfully placed on a leave of absence from his job at Amazon STL8 after he reported unspecified wrongdoing, and the leave of absence was extended and he was "placed into 160 trucking school." (ECF No. 1 at 4). Plaintiff called the human resources line and the police, but nothing was done. On January 12, 2024, "police come to the job about a person name Bound Set When I told the police that was not my name he went on to tell me I needed to leave or I would go to jail for trustpassing At Amazon." *Id.*[2] In the next sentence, Plaintiff states he passed his DOT physical and entered trucking school under his real name. He attended some classes, but on February 8 his "Pay was cut off because I was not able to go to anything they had me down for under "Bound Lenny Set SR" I was 2 accounts tied to my name at one time that's how HR was able to keep me on that fraudulent leave of absence." *Id.* On February 12, 2024, Plaintiff "was kicked out of class due to something amazon had said to the 160 trucking school." *Id.* at 5.

Where the form complaint provides space for Plaintiff to describe the steps he took to grieve his claims, he writes:

> I was fired from amazon STL8 on 2-15-24 after I was shoot in another state. Then a charge was put on me here in St. Charles MO 2-15-24 the same day I was shoot in Mississippi. Grenada where I was Booked into that jail as well that Night.

*Id.* at 9. It is unclear what Plaintiff means by any of that. In other parts of the form complaint, Plaintiff briefly describes calling in about his job and class, and he provides the dates he was paid. He does not specifically mention Romann or Weathers.

---

[2] The Court quotes the complaint verbatim, without correction of errors.

Attached to the complaint is a copy of a July 25, 2024 letter to Plaintiff from SLATE Missouri Job Center advising Plaintiff that it lacked jurisdiction over his complaint about Amazon, and recommending that he contact the Missouri Commission on Human Rights or the Equal Employment Opportunity Commission. After filing the complaint, Plaintiff filed a supplement containing copies of letters from Fidelity Investments to the St. Charles Prosecuting Attorney's Office, apparently concerning telephone call recordings.

As relief, Plaintiff seeks "1000 each day spent in jail and all charges drop[p]ed." *Id.* at 7.

## Legal Standard on Initial Review

Federal law requires this Court to review a complaint filed in forma pauperis, and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that if the essence of the layperson's allegation is discernible, this

4

Court should construe the complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, this Court is not required to interpret procedural rules in ordinary civil litigation so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint does not state a valid § 1983 claim because Plaintiff's allegations do not establish that any defendant violated a right secured by the Constitution or laws of the United States while acting under color of state law. Plaintiff makes no attempt to identify any other particular cause of action against any of the defendants, and because his allegations are so often incomprehensible, the Court cannot construe them as stating a claim within any legal framework. The Court therefore concludes that the complaint fails to state a claim upon which relief may be granted, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2). The Court finds there would be

5

no non-frivolous basis to argue that Plaintiff's allegations stated a valid § 1983 claim against any of the named defendants, so the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $28.96. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of December, 2024.

_____
RODNEY W. SIPPEL
SENIOR UNITED STATES DISTRICT JUDGE